UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. ____________________________

CHRISTOPHER DOUKAKIS
and JOHN PSOMOPOULOS,

Plaintiffs

vs.

GYROMANIA, LLC, GYROMANIA 4, LLC,
and PANAGIOTIS ALEXOPOULOS,

Defendants

_____________________________________________/

**COMPLAINT**

COME NOW the Plaintiffs, CHRISTOPHER DOUKAKIS and JOHN PSOMOPOULOS, by and through the undersigned attorney, and sue the Defendants, GYROMANIA, LLC, GYROMANIA 4, LLC, and PANAGIOTIS ALEXOPOULOS, and for their causes of action allege as follows:

Nature of Action

1. This is a complaint pursuant to the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq*.) for unpaid overtime wages, minimum wages, liquidated damages, attorney's fees and costs, and for unpaid wages and compensation under Florida law.

Jurisdiction and Venue

2. Jurisdiction in the Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §§ 201, *et seq.*) hereinafter referred to as ("FLSA").

Jurisdiction is founded upon §216(b) of the FLSA [29 U.S.C. § 216(b)]. Supplemental jurisdiction is being sought pursuant to 28 U.S.C. § 1367(a) for Plaintiff Psomopoulos' claim for compensation based on quantum merit for unpaid wages and compensation for services rendered.

3. The causes of action herein arose in Palm Beach and Broward Counties, Florida. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b).

Parties

4. Plaintiff CHRISTOPHER DOUKAKIS is a resident of Palm Beach County, Florida and has been so at all times relevant to the causes of action herein.

5. Plaintiff JOHN PSOMOPOULOS is a resident of Broward County, Florida and has been so at all times relevant to the causes of action herein.

6. Defendant, GYROMANIA, LLC, is a Florida Limited Liability Company with its principal address being 1537 Hollywood Blvd., Hollywood, Florida 33020. It owns and operates a restaurant doing business as "Gyromania Grill," at 5760 Wiles Road, Coral Springs, Florida.

7. Defendant, GYROMANIA 4, LLC, is a Florida Limited Liability Company with its principal address being 1537 Hollywood Blvd., Hollywood, Florida 33020. It owns and operates a restaurant known doing business as "Gyromania Grill," at 7036 West Palmetto Park Road, Boca Raton, Florida.

8. Defendant, PANAGIOTIS ALEXOPOULOS, is and was at all times relevant to the causes of action herein, the Managing Member of both Defendants GYROMANIA, LLC and GYROMANIA 4, LLC. His principal address is 1537 Hollywood Blvd., Hollywood, Florida.

General Allegations

9. On November 16, 2011, Defendant Alexopoulos formed Defendant Gyromania,

LLC as a Florida Limited Liability Company. In November, 2012, the company opened a restaurant doing business as "Gyromania Grill" at 5760 Wiles Road, Coral Springs, Florida.

10. The Gyromania Grill in Coral Springs (Defendant Gyromania LLC) has been very successful and continues to operate. The restaurant grossed over $1 million in 2014 and continues to gross over $1million per year in revenue.

11. In or about March, 2015, Defendant Alexopoulos decided to start another "Gyromania Grill" restaurant at a location in Boca Raton, Florida. Therefore, on March 20, 2015, Defendant Alexopoulos created and formed Defendant Gyromania 4, LLC as a Florida limited liability company, naming himself as the Manager. No operating agreement was ever made.

12. Defendant Alexopoulos requested the services of Plaintiff Psomopoulos in planning and opening the new Gyromania Grill in Boca Raton using the identical menu, plans, etc., as the Gyromania Grill in Coral Springs owned by Defendant Gyromania, LLC.

13. It was the understanding between Defendants and Plaintiff Psomopoulos that Psomopoulos would work at the Gyromania Grill in Coral Springs to learn the business while also working with Alexopoulos to set up and operate the Gyromania Grill in Boca Raton. For the performance of these services, Defendants promised to pay compensation to Psomopoulos.

14. Plaintiff Psomopoulos worked for Defendant Gyromania, LLC at its restaurant in Coral Springs, performing computer technical work and, manual labor such as cleaning, cooking, ordering, cashier, etc., from on or about April 27, 2015 until on or about August 14, 2015.

15. During the same period, Plaintiff Psomopoulos worked for Defendant Gyromania 4, LLC by helping it prepare for the opening of its Gyromania Grill restaurant on West Palmetto

Park Road in Boca Raton, Florida. Plaintiff Psomopoulos performed computer technical work and manual labor for the Boca Raton Gyromania Grill to help get the store up and running.

16. On or about June 4, 2015, Plaintiff began working at the Gyromania Grill in Boca Raton in addition to the work he was already performing at the Gyromania Grill in Coral Springs. Plaintiff Psomopoulos usually worked a total of more than sixty (60) hours per week between the two restaurants.

17. On or about October 4, 2015, Defendant Alexopoulos advised Plaintiff Psomopoulos that in consideration for this services, he would be paid wages and not any equity ownership of the LLC.

18. Plaintiff Psomopoulos has demanded wages and compensation for his work at Defendants' Gyromania Grills in Coral Springs and Boca Raton, and has been denied any wages or compensation for his services.

19. Plaintiff Doukakis was employed by Defendants Gyromania 4, LLC and Alexopoulos from on or about September 10, 2015 to on or about December 8, 2015, as a cook at the Gyromania Grill restaurant located at 7036 West Palmetto Park Road, Boca Raton, Florida. He was employed at an hourly wage of $11.50 per hour. He was paid regular wages for 40 hours a week, but was not paid any overtime wages or regular wages for his hours over 40.

Count I (Doukakis' FLSA OT Claim)

20. This is a cause of action pursuant to the FLSA for unpaid overtime by Plaintiff Doukakis against all Defendants.

21. The allegations set forth in paragraphs 1 - 19 above are incorporated by reference as if fully set forth herein.

22. At all times material to the causes of action herein, Defendants Gyromania, LLC and Gyromania 4, LLC were and continue to be an enterprise engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§ 206(a) and 207(a). They constitute an enterprise engaged in interstate commerce within the meaning of the FLSA and together meet the "enterprise coverage" as defined in 29 U.S.C. § 203(s)(1)(A)(i) because they have revenues in excess of $500,000 annually. They constitute a single enterprise because the two entities perform related activities through unified operation or common control and for a common business purpose. See 29 U.S.C. § 203(r)(1).

23. At all times relevant hereto, Plaintiff Doukakis was engaged in interstate commerce while an employee of Defendants. That is, he was (1) operating instrumentalities of commerce, (2) transporting goods in commerce, (3) using channels of commerce, and/or (4) communicating across state lines, and/or (5) performing work essential to any of the preceding.

24. At all times he worked for Defendants at the Gyromania Grill in Boca Raton, Plaintiff Doukakis was under the direction and supervision of Defendant Alexopoulos, who was acting directly or indirectly in the interest of the LLCs in relation to Plaintiff Doukakis. As such, Defendant Alexopoulos was Plaintiff' Doukakis' employer as defined in 29 U.S.C. §203(d).

25. Defendants employed Plaintiff Doukakis in the aforesaid enterprise for work weeks longer than 40 hours and willfully failed to compensate him for his hours worked in excess of 40 a week at a rate of at least one and one-half times the regular rate at which he was employed. An employer is required to pay overtime when the employer suffers or permits an employee to work in excess of 40 hours during a seven day payroll period. See 29 U.S.C. § 203(g) and § 207(a).

26. As a result of Defendants' deliberate failure to pay Plaintiff Doukakis the overtime wages required by the FLSA, he has suffered a loss of wages.

27. Plaintiff has retained the undersigned attorney and is obligated to pay reasonable attorney's fees.

28. As a result of Defendants' violation of the FLSA, Plaintiff Doukakis is entitled to his unpaid overtime wages, liquidated damages and an award of reasonable attorney's fees and cost pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff CHRISTOPHER DOUKAKIS demands trial by jury and judgment against all Defendants for unpaid overtime wages due to him, plus liquidated damages in an equal amount, together with costs and attorney's fees pursuant to the FLSA.

Count II (Psomopoulos' FLSA OT Claim)

29. This is a cause of action pursuant to the FLSA for unpaid overtime of Plaintiff Psomopoulos against all Defendants.

30. The allegations set forth in paragraphs 1 - 18 above are incorporated by reference as if fully set forth herein.

31. At all times material to the causes of action herein, Defendants Gyromania, LLC and Gyromania 4, LLC were and continue to be an enterprise engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§ 206(a) and 207(a). They constitute an enterprise engaged in interstate commerce within the meaning of the FLSA and together meet the "enterprise coverage" as defined in 29 U.S.C. § 203(s)(1)(A)(i) because they have revenues in excess of $500,000 annually. They constitute a single enterprise because the two entities perform related activities through unified operation or common control and for a common business

purpose. See 29 U.S.C. § 203(r)(1).

32. At all times relevant hereto, Plaintiff Psomopoulos was engaged in interstate commerce while an employee of Defendants. That is, he was (1) operating instrumentalities of commerce, (2) transporting goods in commerce, (3) using channels of commerce, and/or (4) communicating across state lines, and/or (5) performing work essential to any of the preceding.

33. At all times he worked for Defendants at the Gyromania Grill in Boca Raton, Plaintiff Psomopoulos was under the direction and supervision of Defendant Alexopoulos, who was acting directly or indirectly in the interest of the LLCs in relation to Plaintiff Psomopoulos. As such, Defendant Alexopoulos was Plaintiff' Psomopoulos' employer as defined in 29 U.S.C. §203(d).

34. Defendants employed Plaintiff Psomopoulos in the aforesaid enterprise, for work weeks longer than 40 hours, and willfully failed to compensate him for his hours worked in excess of 40 a week at a rate of at least one and one-half times his regular wage or, alternatively, at least one and one-half times the minimum wage. An employer is required to pay overtime when the employer suffers or permits an employee to work in excess of 40 hours during a seven day payroll period. See 29 U.S.C. § 203(g) and § 207(a).

35. As a result of Defendants' deliberate failure to pay Plaintiff Psomopoulos the overtime wages required by the FLSA, he has suffered a loss of wages.

36. Plaintiff has retained the undersigned attorney and is obligated to pay reasonable attorney's fees upon recovery.

37. As a result of Defendants' violation of the FLSA, Plaintiff Psomopoulos is entitled to his unpaid overtime wages, liquidated damages and an award of reasonable attorney's fees and

cost pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff JOHN PSOMOPOULOS demands trial by jury and judgment against all Defendants for unpaid overtime wages due plus liquidated damages in an equal amount, together with costs and attorney's fees pursuant to the FLSA.

Count III - (Plaintiffs' FLSA Minimum Wage Claims)

38. This is a cause of action pursuant to the FLSA for unpaid minimum wages the Plaintiffs.

39. The allegations set forth in paragraphs 1 - 19, 22 - 24 and 31 - 33 above are incorporated by reference as if fully set forth herein.

40. Plaintiffs were required to work hours for which they were not compensated and not paid the minimum wage as required by law. For said hours, Defendants willfully failed to compensate Plaintiffs for their hours worked at or above the required minimum wage rates, in violation of the FLSA. Defendants willfully failed to compensate Plaintiffs in an amount equal to minimum wage for hours worked, free and clear, in violation of 29 U.S.C.§ 206(a)(1).

41. As a result of Defendants' deliberate failure to pay Plaintiffs the minimum wage required by the FLSA, Plaintiffs have suffered a loss of wages. Plaintiffs worked for Defendants' restaurants performing manual labor and other non-managerial tasks such as cooking, cleaning, serving.

42. Plaintiffs have retained the undersigned attorney and is obligated to pay reasonable attorney's fees and costs upon recovery.

43. As a result of Defendants' violation of the FLSA, Plaintiffs are entitled to minimum wages, liquidated damages and an award of reasonable attorney's fees and cost

pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs, CHRISTOPHER DOUKAKIS and JOHN PSOMOPOULOS demand trial by jury and judgment against Defendants for unpaid minimum wages due him, plus liquidated damages in an equal amount, together with costs and attorney's fees pursuant to the FLSA.

Count IV (Psomopoulos' Quantum Merit Claim)

44. This is a cause of action in quantum merit by Plaintiff John Psomopoulos against all Defendants for payment for wages and services rendered. The allegations set forth in paragraphs 1 - 18 above are incorporated by reference as if fully set forth herein.

45. For his computer and technical services at the stores for installing computers, setting up networks, customizing point of sale software, installing digital camera systems, creating digital signage menus, setting up a VOIP system and other technical equipment, Plaintiff Psomopoulos worked a total of 271.67 hours. Of these hours, 130 were for work at the Gyromania Grill in Coral Springs and 141.67 hours were for work performed at the Gyromania Grill in Boca Raton. At his normal billing rate as a computer consultant of $120 per hour, Plaintiff Psomopoulos due to be paid $32,600.40.

46. Plaintiff Psomopoulos is due to be paid $4,875.00 for the work he performed as a computer consultant/technician from his home. This includes ordering equipment, etc. and is being billed at the reasonable rate of only $75.00 per hour. Thus, the total for all of the technical services Plaintiff performed for the two restaurants is $37,475.40.

47. Plaintiff Psomopoulos worked 686.5 regular hours, or hours worked under 40 in a week, for which, at $12.00 per hour, he would be owed $8,238.00. Plaintiff worked a total of

324.02 hours of overtime hours, or hours in excess of 40 in the given work week. For those hours, Plaintiff is owed $18.00 per hour or $5,832.36. These hours were accumulated by Plaintiff for performing manual labor, including cooking, cleaning, sales, ordering, and other restaurant non-managerial duties, at both restaurants. For such labor Plaintiff is seeking wages at $12.00 per hour, which is based on the rates that were being paid to other employees at the restaurant for similar work.

48. Defendants requested Plaintiff Psomopoulos' services as performed by him and benefitted from those services.

49. Defendants have refused to pay any wages or other form of compensation or consideration to Plaintiff Psomopoulos for his services and work performed at the restaurants.

50. At all times Plaintiff Psomopoulos was rendering services to Defendants, Plaintiff expected to be compensated and Defendants expected to compensate him.

51. Under the circumstances, it would be inequitable for the Defendants to retain the benefit of Plaintiff Psomopoulos' services without paying him the value thereof.

WHEREFORE, Plaintiff JOHN PSOMOPOULOS demands judgment against Defendants for approximately $51,545.76. plus interests and costs.

Respectfully submitted,

/s/Don R. Boswell
Don R. Boswell
Fla. Bar No. 145894
Attorney for Plaintiffs
Akers & Boswell, P.A.
2161 Palm Beach Lakes Blvd., Suite 407
West Palm Beach, Florida 33409
561.547.6300; Fax 561.828.9212
dboswell@akers-boswell.com