UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-80232-Civ-Brannon

CHRISTOPHER DOUKAKIS, DYLAN SEITER,
BARRINGTON WILSON, JR., CHARLES RAMOS,
and NINA GABRIELLE FERRAZ-PFAFF,

Plaintiffs,

vs.

GYROMANIA, LLC, GYROMANIA 4, LLC,
and PANAGIOTIS ALEXOPOULOS,

Defendants.

______________________________________________/

**ORDER APPROVING FLSA SETTLEMENT AGREEMENT AND DISMISSING CASE WITH PREJUDICE**

THIS CAUSE is before the Court upon a Joint Motion to Approve Settlement (DE 51) and a related Stipulation for Dismissal With Prejudice (DE 52). The Court has reviewed the entire record and is fully advised in the premises.

In this case, the five remaining Plaintiffs[1] allege that Defendants failed to pay them as required under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219. Defendants filed an answer generally denying Plaintiffs' claims and asserting affirmative defenses.

In their instant motion, the parties jointly represent that the disputed issues in this case include Defendants' liability and the amounts, if any, owed to each named Plaintiff. The parties represent that following their exchange of pertinent documentation and after a thorough review of relevant records, it was determined that Plaintiffs Charles Ramos and

[1] A sixth Plaintiff, John Psomopoulous, voluntarily dismissed his claims without prejudice pursuant to Federal Rule of Civil Procedure 41 (DE 36).

Nina Gabrille Ferraz-Pfaff were each entitled to less than $100. Given the *de minimis* nature of their claims, these two Plaintiffs agreed to the entry of a joint stipulation for dismissal with prejudice of their claims (DE 52). The remaining three Plaintiffs—Christopher Doukakis, Dylan Seiter, and Barrington Wilson—and Defendants have negotiated an amicable settlement to avoid the continued costs and uncertainty of litigation. In this regard, these remaining parties have filed a fully-executed Settlement Agreement (DE 51-1) for Court review and approval.

Per their settlement agreement, the remaining three Plaintiffs and their counsel will receive a grand total of $12,000 in exchange for settling their claims against Defendants. A detailed breakdown of the amount each Plaintiff and their attorneys will receive is provided for in the settlement agreement. All parties and their counsel agree that the agreed-upon amounts represent a fair and reasonable resolution of Plaintiffs' claims.

When a private action brought under the FLSA is settled, the Court "may enter a stipulated judgment after scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353, 1355 (11th Cir. 1982). In scrutinizing the settlement, the Court must find that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id. at 1355. While FLSA provisions are mandatory, the Eleventh Circuit recognizes that there may be bona fide disputes as to FLSA coverage and thus, the Court may approve a settlement to "promote the policy of encouraging settlement of litigation." Id. at 1354. Where, as here, a settlement agreement was entered into in an adversarial context with both sides represented by counsel throughout the litigation, the settlement agreement is "more likely to reflect a reasonable compromise" over disputed issues. Id.

After an independent review of the record in this case and the counseled parties' fully-executed Settlement Agreement—which includes a mutual general release, a mutual non-disparagement clause, and the total settlement amount to be paid to each Plaintiff—the Court concludes that the settlement represents a fair and reasonable resolution of a bona fide FLSA dispute.

Accordingly, the Court **ORDERS AND ADJUDGES** that the Motion (DE 51) is **GRANTED**. The Court **APPROVES** the Settlement Agreement. As agreed to by the parties, this case is **DISMISSED WITH PREJUDICE**, with the Court retaining jurisdiction to enforce the terms of the parties' settlement agreement. The Clerk of Court shall **CLOSE THIS CASE**.

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 7th day of November, 2016.

DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE